**WILLIAMS CEDAR, LLC**
**Gerald J. Williams, Esquire – Atty ID# 006831987**
8 Kings Highway West, Suite B
Haddonfield, NJ 08033
(856) 470-9777
(888) 311-4899 Fax
gwilliams@williamscedar.com
*Attorneys for Plaintiffs,*

## UNITED STATES DISTRICT COURT
## DISTRICT COURT OF NEW JERSEY

| | | |
|---|---|---|
| **ANA MARIA AMIN**<br>**153 Dehart Place, Apt. 1A,**<br>**Elizabeth, NJ 07202** | : <br> : <br> : <br> : | CIVIL ACTION: 1:20-cv-16595 |
| **and** | : <br> : | |
| **SHARON WAGNER**<br>**98 Baker Avenue,**<br>**Dover, NJ 07801** | : <br> : <br> : <br> : | JURY TRIAL DEMANDED |
| **and** | : <br> : | |
| **MICHELLE ESPADA**<br>**20 Sanford Street,**<br>**Dover, NJ 07801** | : <br> : <br> : <br> : | |
| **Plaintiffs,** | : <br> : <br> : | |
| **v.** | : <br> : | |
| **TOWN OF DOVER**<br>**37 N. Sussex St.,**<br>**Dover, NJ 07801** | : <br> : <br> : <br> : | FIRST AMENDED COMPLAINT |
| **CAROLYN BLACKMAN,**<br>**In her individual and official capacities**<br>**37 N. Sussex St.,**<br>**Dover, NJ 07801** | : <br> : <br> : <br> : <br> : <br> : | |
| **BOARD OF ALDERMEN OF THE**<br>**TOWN OF DOVER,**<br>**JESSICA CRUZ,** | : <br> : <br> : | |

**In her individual and official capacities,    :**
**SANDRA WITTNER,                               :**
**In her individual and official capacities,    :**
**JUDITH RUGG,                                  :**
**In her individual and official capacities,    :**
**Humberto Quinones,                            :**
**In his individual and official capacities,    :**
**Adrian Ballesteros,                           :**
**In his Individual and official capacities,    :**
**EDWARD CORREA,                                :**
**In his individual and official capacities,    :**
**MARCOS TAPIA,                                 :**
**In his individual and official capacities,    :**
**CARLOS VALENCIA,                              :**
**In his individual and official capacities,    :**
**37 N. Sussex St.,                             :**
**Dover, NJ 07801                               :**
**                                              :**
**                        Defendants.           :**

---

## INTRODUCTION

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiffs to redress the intentional violations by the Defendants of the rights secured to Plaintiffs by the laws of the United States of America and the statutory and common law of the State of New Jersey. Among other things, Plaintiffs seek recovery for damages suffered as a result of retaliation against Plaintiffs for engaging in speech and association which was protected under the First Amendment.

2. The Town of Dover, by and through the individual defendants, retaliated against Plaintiffs based on Plaintiffs' protected speech and association arising out of the 2019 elections for Mayor and Aldermen for the Town.

## JURISDICTION

3.  This action is brought pursuant to 42 U.S.C. §1983, and the First and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

4.  Jurisdiction lies over state law claims based on the principles of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

5.  The amount in controversy exclusive of interest and costs exceeds the sum of one hundred thousand Dollars ($100,000) per Plaintiff.

## VENUE

6.  All the claims herein arose within the jurisdiction of the United States District Court for the District of New Jersey and involve Defendants who reside within the jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. §1391(b) and (c).

## PARTIES

7.  Plaintiff Ana Maria Amin resides at 153 Dehart Place, Apt 1A, Elizabeth, NJ 07202.

8.  Plaintiff Sharon Wagner resides at 98 Baker Avenue, Dover, NJ 07801.

9.  Plaintiff Michelle Espada resides at 20 Sanford Street, Dover, NJ 07801.

10. Defendant Town of Dover, NJ, is an incorporated municipality located in Morris County, NJ, and is governed by the Mayor and Board of Aldermen of the Town of Dover, with municipal offices located at 37 N Sussex Street, Dover, NJ 07801.

11. The Board of Aldermen of the Town of Dover is a governing body of the Town of Dover, comprising eight members. The Board maintains offices located at 37 N Sussex Street, Dover, NJ 07801.

12. Defendant Carolyn Blackman has, at all times material, been the elected Mayor of the Town of Dover. Defendant Blackman as Mayor has offices located at 37 N Sussex Street, Dover, NJ 07801.

13. At all times material as set forth below, Defendants Jessica Cruz, Sandra Wittner, Judith Rugg, Humberto Quinones, Adrian Ballesteros, Edward Correa, Marcos Tapia and Carlos Valencia have served on the Board of Aldermen, with municipal offices located at 37 N Sussex Street, Dover, NJ 07801.

## FACTS

<u>A. ANA MARIA AMIN</u>

14. In January of 2019, James Dodd was the Mayor of the Town Of Dover. The Town is governed by the Mayor and eight Alderman, with two Alderman representing each of the four wards of the Town of Dover, NJ.

15. On or about August 2019, the Business Administrator of Dover resigned, leaving a vacancy for that position.

16. The Mayor appointed to-be Business Administrator, William Reyes, who was the Director of Economic Development, Community Affairs & Recreation, to fill the position. As a result of Reyes becoming Business Administrator, the position of Director of Economic Development, Community Affairs & Recreation became vacant and said position needed to be filled.

17. Thereafter, in August 2019, Plaintiff Amin was nominated and a resolution was passed to fill the new position of Director of Economic Development, Community Affairs & Recreation.

18. The Plaintiff officially took the position in October of 2019, pursuant to a three year contract, at an annual salary of one hundred and twenty thousand dollars ($120,000.00).

19. In November of 2019, an election was held for Mayor and Alderman for the Town of Dover. In the Town of Dover, the Mayor is elected to serve a four year term; Aldermen for the Town of Dover are elected to serve for two year terms, and are elected on a rotating basis, in which four new Aldermen are up for election every other year. In this particular election, the sitting Aldermen were Jessica Cruz, Sandra Wittner, Humberto Quinones, and Carlos Valencia, and were not up for election.

20. At that time, Carolyn Blackman, who was serving as an Alderman leading up to the election, was elected Mayor, defeating incumbent James Dodd. Additionally, the new Alderman were elected as follows: Judith Rugg, Adrian Ballesteros, and Marcos Tapia. Further, because Blackman's former seat as Alderman would be vacant, Blackman appointed Edward Correa to fill the position. These four aforementioned individuals running for Alderman were known as "Dover First," and were led by Carolyn Blackman. The Dodd faction was known as "Dover For Everyone," and was led by James Dodd the incumbent mayor.

21. Plaintiff Amin openly supported Dodd and campaigned for him during the 2019 election. Defendant Blackman and her slate of Alderman were elected and took office in January of 2020. Defendant Blackman became the new Mayor.

22. On or about January 28, 2019, a resolution was passed by Blackman and the Aldermen eliminating the position of Director of Economic Development, Community Affairs & Recreation and in March of 2019, the resolution was finalized, Plaintiff's position was eliminated, and Plaintiff was terminated.

23. The elimination of Plaintiff's position and her termination were in retaliation of Plaintiff supporting Dodd for Mayor.

24. Political affiliation was not an appropriate requirement for Plaintiff's position and political affiliation was not necessary for the efficient operation of her position.

25. The conduct of the defendants in essentially creating a political affiliation requirement for Plaintiff's position was retaliatory against Plaintiff Amin who supported Mayor Dodd and his faction, which was a violation of her First Amendment rights.

B. SHARON WAGNER

26. Plaintiff Wagner incorporates by reference the above paragraphs.

27. Plaintiff Wagner, at all times material herein, has served as an employee of the Town of Dover since February 1, 2016. Initially, Plaintiff was hired as a payroll clerk and in November of 2018 she was promoted to Human Resource Manager.

28. As H.R. Manager, her primary duties were that she was responsible for employee's payroll, F.M.L.A., disability benefits and Health Insurance.

29. During the 2019 campaign, in or about October of 2019, Defendant Blackman and other members of her faction came to the house of the Plaintiff seeking her political support. Plaintiff stated that she was not a resident of Dover and that she would not support Blackman and her faction and wanted to remain neutral. At a later date, Blackman--on another occasion--solicited the support of the Plaintiff during the campaign, and again, Plaintiff Wagner declined to support Blackman and her faction.

30. Once the new Blackman administration came into office, defendants started to eliminate various positions and terminate individuals from the former Dodd administration, including individuals that were perceived to support Dodd and his faction.

31. Carlos Sanchez was appointed by Blackman to be the new Deputy Town Administrator and was responsible for the day-to-day operation of the Town. Kelly Toohey, who was the Chief Financial Officer, retired and Ashley Wilson was appointed as interim C.F.O.

32. Plaintiff reported to Sanchez as well as worked closely with Wilson on payroll and salaries of individuals and other personnel matters.

33. In March of 2020, Plaintiff Wagner, along with Ashley Wilson, were told to attend a budget meeting to discuss the salaries of certain individuals as well as defendants' desire to terminate these individuals since they supported Dodd. These individuals, for the most part, were civil service employees and/or employees who were members of the union. Further, political affiliation was not an appropriate requirement for their positions and not necessary for efficient operation of the Town of Dover.

34. The individuals identified by Sanchez on behalf of the Blackman administration included, but were not limited to, Plaintiff Amin, Plaintiff Michelle Espada, Pat Laverty, Dan DeGroot, Mike Stalter, Tom Spring, and Erica Vinales.

35. Present at this meeting were Defendant Blackman and Alderman Correa and Tim Downs who was an attorney for the Town of Dover. Downs was decidedly not reappointed by the Dodd administration for double billing and other irregularities in billing, but was rehired by Blackman.

36. At the budget meeting, Plaintiff spoke out and stated that you can't terminate these individuals since they were civil service employees and/or union members and further stated that pursuant to the Collective Bargaining Agreement new hires are to be terminated first, due to any budgetary cuts, or any other events which would necessitate

layoffs and/or terminations. The individuals identified in ¶34 were not new hires and had seniority.

37. Wagner further indicated that the termination of the individuals discussed would be unlawful.

38. Thereafter, another meeting was held in May of 2020, involving the discussion of terminating personnel and Plaintiff was told by Sanchez not to be present due to her complaints about the unlawful conduct of the defendants.

39. Plaintiff was at all times material herein a civil service employee and was protected by civil service rules and regulations. On or about [July 1, 2020], Plaintiff was terminated without receiving a "Rice Notice" or any disciplinary charges, contrary to civil service Rules and Regulations, in retaliation for speaking out on matters of public concern related to unlawfully terminating individuals, and additionally for not politically supporting Blackman and her faction for Mayor and Aldermen for the Town of Dover.

C. MICHELLE ESPADA

40. Plaintiff incorporates the above paragraphs by reference.

41. Plaintiff Espada began her employment with the Town of Dover as a Recreation Aide in June of 2017 with the department of Economic Development, Community Affairs & Recreation. Plaintiff Espada performed duties that included, but were not limited to, a Community Affairs Liaison for Business Development; working with seniors; working with churches and church organizations; and working with other community based programs and organizations.

42. Plaintiff worked under Director William Reyes, and also performed duties within the department of Economic Development, Community Affairs & Recreation.

43. During the 2019 election for Mayor the plaintiff actively campaigned for then Mayor James Dodd and his slate during her personal time.

44. As previously set forth, Dodd lost the election to Carolyn Blackman who took office in January 2020.

45. After the election, and when Defendant Blackman took office, Plaintiff Espada was the victim of harassment on the job by Blackman and her administration for Dover, who were trying to force Espada into resigning by creating a hostile work environment.

46. Upon information and belief, Sanchez was told by Defendant Blackman and/or her staff that Blackman wanted to terminate Plaintiff Espada due to her political support of Dodd.

47. As previously stated in ¶34, Plaintiff Espada was one of the individuals identified that were targeted by Defendant Blackman in the March, 2020 meeting. At said meeting, Sanchez did not terminate Espada, and subsequently resigned at a later date.

48. As part of the pattern of harassment, during the COVID-19 breakout, Plaintiff was transferred from Recreation, at the direction of Defendant Blackman's administration, to work the new municipal court window, where she would collect monies from citizens ranging from traffic tickets to utility bills, licensing fees and other fines and assessments issued by the Town of Dover. This municipal window was newly implemented as a means for residents to pay monies owed to different municipal departments while those departments were shut down and/or working remotely from home as necessary for COVID-19 safety measures.

49. These duties at the municipal window were formerly performed by other individuals in their individual departments. Plaintiff was the only individual that performed these duties on a daily basis, while the other individuals previously performing these duties for their

departments were either reassigned or assigned to work remotely from home. The transfer and reassignment of Plaintiff to work this window was in retaliation for her political activity and association with former Mayor Dodd.

50. Plaintiff worked this position every day from March 20th, 2020 until June 23rd 2020, and thereafter, Plaintiff Espada worked the position part-time. When not working at the municipal window, Plaintiff was placed in an office in the basement and was not permitted to perform her full duties as Recreation Aide.

51. The transfer, reassignment, and restriction of Plaintiff's Aide duties were in retaliation for supporting Dodd and being politically associated with him. Her assignment to the municipal window put her in greater danger of exposure to COVID-19, since she was primarily the only person assigned to this position, and was exposed to the public on a daily basis, making her more likely to contract the disease.

52. Further, Plaintiff was the only person from her department of Economic Development, Community Affairs & Recreation that was transferred and given this assignment as retaliation for her association with Dodd in an effort to force her to resign due to the dangerous working conditions imposed on her by the defendants.

53. Plaintiff, once again in October of 2020, was required to work full-time at the municipal window in an effort to have her resign due to her risk of exposure to COVID-19. In the latter part of October and early into November, the Town of Dover shut down the municipal window due to the high risk of exposure to COVID-19.

54. The transferring, reassignment to work the municipal court window and depriving Plaintiff the right to work in her position as Recreation Aide, in addition to her

harassment by Defendant Blackman, was in retaliation for her political campaign activity and association with Dodd.

**COUNT I**
**ALL PLAINTIFFS V. ALL INDIVIDUAL DEFENDANTS**
**42 U.S.C. § 1983**
**<u>FIRST AMENDMENT VIOLATIONS</u>**

55. Plaintiffs adopt and incorporate the allegations in the above paragraphs as though each were individually stated herein at length.

56. Plaintiffs did *actually* engage in protected speech and association, and also were *perceived* as being associated with the Dodd faction, which opposed the Blackman faction.

57. Defendants violated the provisions of 42 U.S.C. § 1983 in that Defendants, acting under color of state law, deprived Plaintiffs of the privileges and immunities secured to them by the First and Fourteenth Amendments of the United States Constitution and, in particular, their right to hold employment without infringement of their First Amendment right to freedom of speech and association.

58. Defendants willfully and recklessly took adverse employment action against Plaintiffs in order to deny Plaintiffs their First Amendment right to free speech and association.

59. Defendants' actions were to penalize and retaliate against Plaintiffs for their exercise of fundamental First Amendment rights of speech and association.

WHEREFORE, Plaintiffs respectfully request this Honorable Court:

    i.      Enter a declaratory judgment that Defendants' retaliatory acts complained of herein have violated and continue to violate the rights of Plaintiffs as secured by the United States Constitution;

ii.    Enjoin Defendants from continuing said retaliatory practices;

iii.    Award Plaintiffs compensatory damages including but not limited to: pain,

suffering, past economic loss, future economic loss, back pay, front pay,

wage increases, loss of life's pleasures, loss of reputation, benefits,

emotional distress and other damages;

iv.    Award reasonable costs and attorney's fees;

v.    Award punitive damages;

vi.    Grant any other relief this Court deems just and proper.

**COUNT II**
**ALL PLAINTIFFS V. TOWN OF DOVER**
**VIOLATION OF 42 U.S.C. §1983**
**<u>FIRST AMENDMENT VIOLATIONS</u>**

60. Plaintiffs adopt and incorporate the allegations in the above paragraphs as though each were individually stated herein at length.

61. Plaintiffs did *actually* engage in protected speech and association, and also were *perceived* as being associated with the Dodd faction, which opposed the Blackman faction.

62. Defendant Town of Dover developed and maintained a number of deficient policies and/or customs which caused the deprivation of Plaintiffs' constitutional rights.

63. Defendants' policies and customs encouraged the individual defendants to believe that they could violate the constitutional rights of Plaintiffs with impunity and with the explicit or tacit approval of the Town of Dover.

WHEREFORE, Plaintiffs respectfully request this Honorable Court:

i.    Enter a declaratory judgment that Defendants' retaliatory acts complained of herein have violated and continue to violate the rights of Plaintiffs as

secured by the United States Constitution;

ii.     Enjoin Defendants from continuing said retaliatory practices;

iii.    Award Plaintiffs compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

iv.     Award reasonable costs and attorney's fees;

v.      Award punitive damages;

vi.     Grant any other relief this Court deems just and proper.

**COUNT III**
**PLAINTIFFS SHARON WAGNER V. ALL DEFENDANTS**
**VIOLATION OF 42 U.S.C. §1983**
**DUE PROCESS VIOLATIONS**

64. Plaintiff adopts and incorporates the allegations in the above paragraphs as though each were individually stated herein at length.

65. Plaintiff possessed a legitimate expectation of entitlement to employment as a civil service employee. This expectation was grounded in civil service rules and regulations.

66. By terminating Plaintiff without affording her a 'Rice Notice" and hearing, Defendants violated Plaintiff's property rights.

67. Further, this property right was deprived without due process of law.

68. Defendants' policies and customs encouraged the individual defendants to believe that they could violate the constitutional rights of Plaintiff with impunity and with the explicit or tacit approval of the Town of Dover, Mayor Blackman, and the Board of Aldermen.

WHEREFORE, Plaintiffs respectfully request this Honorable Court:

i.      Enter a declaratory judgment that Defendants' acts complained

of herein have violated and continue to violate the rights of Plaintiffs as secured by the United States Constitution;

ii.     Enjoin Defendants from continuing said retaliatory practices;

iii.    Award Plaintiffs compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

iv.     Award reasonable costs and attorney's fees;

v.      Award punitive damages;

vi.     Grant any other relief this Court deems just and proper.

**COUNT IV**
**ALL PLAINTIFFS v. ALL DEFENDANTS**
**Violation of NJCRA**

69. Plaintiffs adopt and incorporate the allegations in the above paragraphs as though each were individually stated herein at length.

70. Plaintiffs did *actually* engage in protected speech and association, and also were *perceived* as being associated with the Dodd faction, which opposed the Blackman faction.

71. Defendants acted under the color of law, and subjected Plaintiffs to the deprivation of their rights, privileges or immunities as secured by the New Jersey Constitution, Art.1¶¶ 1, 6, 18 and/or New Jersey law.

72. Defendants violated Plaintiff's New Jersey Constitutional rights in that the Defendants acting under color of state law, denied Plaintiffs of the privileges and immunities secured

to him by the New Jersey Constitution, Art. 1, ¶¶ 1, 6 and 18 in particular, their right to hold employment without infringement of their right to free speech and association.

73. Defendants' actions were to penalize and retaliate against Plaintiff for his exercise of fundamental New Jersey Constitutional rights.

74. Defendants are liable to Plaintiffs for the violation of their Constitutional rights under the NJCRA, *N.J.S.A.* 10:6-2.

75. As a direct and proximate result of Defendants' actions, Plaintiffs have, and will in the future, suffer pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, loss of reputation, lost wages, lost wage earning capacity, loss of benefits and past and future medical expenses.

WHEREFORE, Plaintiffs respectfully request this Honorable Court:

i.   Enter a declaratory judgment that Defendants' retaliatory acts complained of herein have violated and continue to violate the rights of Plaintiffs as secured by the United States Constitution;

ii.  Enjoin Defendants from continuing said retaliatory practices;

iii. Award Plaintiffs compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

iv.  Award reasonable costs and attorney's fees;

v.   Award punitive damages;

vi.  Grant any other relief this Court deems just and proper.

## COUNT V
## PLAINTIFF WAGNER V. ALL DEFENDANTS

## VIOLATION OF CEPA -N.J.S.A. 34:19

76. Plaintiff adopts and incorporates the allegations in the above paragraphs as though each were individually stated herein at length.

77. Plaintiff spoke out against the unlawful termination of employees, including the Plaintiff's own, based on their political activity, and/or perceived political activity, and/or their right to employment pursuant to civil service rules and regulations, as well as violating the collective bargaining agreement.

78. Defendants' actions violate the Conscientious Employee Protection Act, N.J.S.A. 34:19.

79. As a direct and proximate result of Defendants' actions, Plaintiff has, and will in the future, suffer pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, loss of reputation, lost wages, lost wage earning capacity, loss of benefits and past and future medical expenses.

### JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: December 23, 2020

WILLIAMS CEDAR LLC

_____
Gerald J. Williams, Esq.
Counsel for Plaintiffs